IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **KELVIN CAIN,** | : | **PRISONER CIVIL RIGHTS** |
| Plaintiff, | : | **42 U.S.C. § 1983** |
| | : | |
| v. | : | |
| | : | |
| **D. J. INLOW,** | : | **CIVIL ACTION NO.** |
| Defendant. | : | **1:14-CV-2014-TWT-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Plaintiff, Kelvin Cain, confined in the Gwinnett County Detention Center in Lawrenceville, Georgia, has submitted a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [Doc. 1.] Plaintiff alleges that Defendant, D. J. Inlow, a law enforcement officer, committed perjury in Plaintiff's state court criminal proceeding. [*Id.* at 3-4.] Plaintiff has also submitted a copy of his inmate account statement, which the undersigned construes as an application to proceed *in forma pauperis*. [Doc. 1-1.]

Court records indicate that Plaintiff, while incarcerated, has filed at least three cases that have been dismissed as frivolous or for failure to state a claim. *See* Order and Opinion, *Cain v. Gwinnett Cnty. Det. Ctr. Prison Health Care Providers*, No. 1:10-cv-1476-TWT, at 2-3 (N.D. Ga. June 14, 2010) (listing Plaintiff's frivolous cases). A prisoner may not bring a civil action in federal court *in forma pauperis* "if [he] has, on

3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Plaintiff does not allege that he is under imminent danger of serious physical injury.  Therefore, Plaintiff may not proceed *in forma pauperis*.

When § 1915(g) does not allow a prisoner to proceed *in forma pauperis*, "the proper procedure is . . . to dismiss the complaint without prejudice . . . ." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam).  A prisoner who wishes to pursue his claims must refile the action with full payment of the filing fee.  "The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit." *Id.*

Accordingly, the undersigned **RECOMMENDS** that Plaintiff be **DENIED** *in forma pauperis* status and that this action be **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this __14th__ day of July, 2014.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE